Yuri Mikulka (State Bar No. 185926)
*ymikulka@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Tel: (714) 371-2500; Fax: (714) 371-2550

Danielle Mihalkanin (State Bar No. 271442)
*dmihalkanin@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
1841 Page Mill Road, Suite 200
Palo Alto, CA 94304
Tel: (650) 812-1300; Fax: (650) 213-0260

Attorneys for Plaintiff
**LINDORA, LLC**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDORA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>L.E.A.N. 4 LIFE MINISTRIES, INC., a Florida corporation,<br><br>Defendant. | No. **'15CV2898 JLS  BGS**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lindora, LLC ("Plaintiff Lindora" or "Lindora") hereby complains of Defendant L.E.A.N. 4 Life Ministries, Inc. ("Defendant") and alleges as follows:

## THE PARTIES

1. Lindora is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 2975 Red Hill Avenue, Costa Mesa, California 92626.

2. Lindora is informed and believes, and thereon alleges, that Defendant is a corporation organized and existing under the laws of the state of Florida with offices at 5333 SW 75th Street, Gainesville, Florida 32608.

3. Lindora is informed and believes, and thereon alleges, that Defendant operated or operates websites with the addresses at http://www.lean4lifeministries.com, http://www.lean4lifeministries.org, http://www.lean4lifeministries.net, http://www.lean4life.club, http://www.tastygator.com, and http://www.lean4life.org and conducts its business nationwide using these websites.

4. Lindora is informed and believes, an thereon alleges, that Defendant operates a Facebook page under the title LEAN-4-LIFE and an eBay store using the seller name lean4life6369 and conducts its business nationwide using these online tools.

5. Lindora is informed and believes, and thereon alleges, that Defendant regularly conducts business in, and has committed the acts alleged herein, within this judicial district.

## JURISDICTION AND VENUE

6. This is an action for (a) direct and vicarious trademark infringement arising under 15 U.S.C. § 1114; (b) false designation of origin arising under 15 U.S.C. § 1125(a); (c) trademark infringement arising under the common law of the state of California; and (d) unfair competition under the common law of the state of California and California Business & Professions Code § 17200 *et seq*.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA, CA

7. This Court has original subject matter jurisdiction pursuant to 15 U.S.C. §§ 1116(a) and 1121(a) as well as 28 U.S.C. §§ 1331 and 1338 over the claims arising under the laws of the United States. This Court has supplemental jurisdiction over the remaining claims herein pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. This Court has personal jurisdiction over Defendant because Lindora is informed and believes and alleges on that basis that Defendant has a continuous, systematic, and substantial presence within this judicial district including regularly conducting and soliciting business and deriving revenue from goods and services provided to individuals in this judicial district, including but not limited to selling goods nationwide and for sales in this jurisdiction. These acts form a substantial part of the events, acts, omissions, and injury giving rise to Lindora's claims.

9. Venue in this district is proper under 28 U.S.C. § 1391(b)-(d).

## GENERAL ALLEGATIONS

10. Lindora has provided a wide variety of innovative weight control and weight loss services since at least as early as 1971 and has continuously developed its business, enjoying significant commercial success and recognition to the present day.

11. Since at least as early as 1989, Lindora has used, marketed, and sold its inventive weight control and weight loss services with the marks LEAN FOR LIFE! and LEAN FOR LIFE (collectively, the "Lindora Marks"). Since Lindora has been using the Lindora Marks, its use of the marks in connection with its services has been continuous and exclusive.

12. As a result of Lindora's substantial use and promotion of the Lindora Marks with its goods and services, the Lindora Marks became entrenched in the minds of consumers as source indicators for Lindora's market-leading goods and

services.

13. After more than twenty-five years of using, promoting, and investing money in the protection and marketing of LEAN FOR LIFE!, the Lindora Marks have each become well-known to consumers and are two of Lindora's most important assets. The Lindora Marks immediately distinguish Lindora's goods and services from those provided by third parties while concomitantly signaling to consumers that any goods and services provided under the Lindora Marks originate from a well-respected innovator that provides only the highest-quality weight control and weight loss goods and services.

14. Lindora is the owner of Trademark Registration Nos. 1,868,744 and 3,228,958 for the Lindora Marks. These Trademark Registrations have been assigned from Lindora, Inc. to Lindora, LLC.

15. Lindora's Trademark Registration No. 1,868,744 for LEAN FOR LIFE! was registered with the United States Patent & Trademark Office on December 20, 1994 on the Principal Register. Registration No. 1,868,744 is associated with the following: weight control and weight loss services, including providing psychological consultation, diet planning and supervision, physical therapy and physical fitness instruction. A true and correct copy of the Registration Certificate for this trademark is attached as **Exhibit A**.

16. Lindora's Trademark Registration No. 3,228,958 for LEAN FOR LIFE was registered with the United States Patent & Trademark Office on April 17, 2007, on the Principal Register. Registration No. 3,228,958 is associated with the following: dietetic substances, including multi-vitamins, ketosis sticks for determining fat burning status; and meal replacement powder drink in various flavors to be used in connection with medical clinics oriented to weight management and weight loss, meal replacement, including chocolate drink in the nature of vegetable-based chocolate food beverages, snacks, including protein based nutrient-dense snack bars, soy nuts and soups, meal replacement, including

puddings, hot chocolate and pudding mixes in various flavors to be used in connection with medical clinics oriented to weight management and weight loss. A true and correct copy of the Registration Certificate for this trademark is attached as **Exhibit B**.

17. Without permission or consent from Lindora, Defendant has used and is using confusingly similar marks, including but not limited to: L.E.A.N. 4 LIFE; LEAN4LIFE; LEAN 4 LIFE; L.E.A.N. 4 LIFE MINISTRIES, INC. (collectively, "Infringing Marks") to promote its diet drinks, which compete directly with the goods and services provided by Lindora under the Lindora Marks.

18. Lindora is informed and believes, and on that basis alleges, that Defendant's unauthorized use of Infringing Marks is intended to trade upon the goodwill and reputation associated with Lindora and the Lindora Marks.

19. Defendant began using Infringing Marks after Plaintiff Lindora's registration of the Lindora Marks.

20. Lindora is informed and believes, and on that basis alleges, that Defendant continued to promote and offer Defendant's goods using Infringing Marks despite having reason to know that Defendant is engaging in trademark infringement.

21. In addition, Defendant continued using the Infringing Marks even after Lindora sent letter to Defendant in which Lindora requested that Defendant stop using the Infringing Marks.

22. Lindora is informed and believes, and on that basis alleges, that Defendant's use of Infringing Marks is willful and calculated to cause mistake or deception as to the source of Defendant's diet drinks.

23. By virtue of the acts complained of herein, Defendant has injured Lindora's business reputation by creating a formidable likelihood that consumers will be confused or deceived as to the source of the goods at issue or believe that a relationship exists between Lindora and Defendant when no such relationship

exists. By these acts, Defendant competes unfairly with Lindora by trading on the consumer recognition associated with the Lindora Marks while simultaneously diminishing the decades of work and investment that Lindora has put into its Lindora Marks.

24. At no time has Lindora given Defendant license, permission, or authority to use or display the Lindora Marks in any way.

25. Lindora is informed and believes, and on that basis alleges, that Defendant's acts described above were willful, malicious, and carried out with intent to infringe upon the Lindora Marks, deceive consumers, and unfairly compete with Lindora.

26. Defendant's acts complained of herein have caused Lindora to suffer irreparable injury to its business. Lindora has and will continue to suffer substantial loss of goodwill and reputational injury unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement)

### (15 U.S.C. § 1114)

27. Lindora repeats and realleges the allegations of paragraphs 1 through 26 of this complaint as if set forth fully herein.

28. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

29. Defendant has used in commerce, without Lindora's permission, reproductions, copies, or colorable imitations of the Lindora Marks in connection with the distribution, sale, offer for sale, advertising, and/or promoting of Defendant's diet drinks, which directly overlap and compete with the goods and services provided by Lindora under the Lindora Marks and are sold in overlapping channels of trade.

30. Defendant's use in commerce of reproductions, copies, or colorable

imitations of the Lindora Marks for Defendant's diet drinks is likely to cause consumer confusion, mistake, or to deceive consumers.

31. Lindora is informed and believes, and on that basis alleges, that Defendant's activities complained of herein constitute willful and intentional infringement of the Lindora Marks, and that Defendant committed such acts intending to unfairly compete against Lindora, trade upon Lindora's reputation and goodwill by causing confusion and mistake among the parties' overlapping consumers, and deceive the public into believing that Defendant's goods and services are associated with, sponsored by, originated from, or approved by Lindora when they are not.

32. Lindora is informed and believes, and on that basis alleges, that Defendant has willfully infringed the Lindora Marks in violation of 15 U.S.C. § 1114 by continuing to use the Infringing Marks despite becoming aware of Lindora's Marks.

33. Lindora is informed and believes, and on that basis alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of marks that infringe upon the Lindora Marks in an amount that is not presently known to Lindora.

34. By reason of Defendant's actions, Lindora has been and continues to be damaged and is entitled to monetary relief in an amount to be determined at trial.

35. Defendant's actions have caused and are causing Lindora irreparable harm for which Lindora has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition & False Designation Of Origin)**

**(15 U.S.C. § 1125(a))**

36. Lindora repeats and realleges the allegations of paragraphs 1 through 35 of this complaint as if set forth fully herein.

37. This is a claim for unfair competition and false designation of origin

arising under 15 U.S.C. § 1125(a).

38. Without Lindora's consent, Defendant has created and continues to create a false designation of origin by using the Lindora Marks and/or other marks confusingly similar to the Lindora Marks in commerce in connection with the distribution, sale, offering for sale, advertising, and/or promotion of Defendant's diet drinks, thereby causing a likelihood of consumer confusion, mistake, or deception as to an affiliation, connection, or association with Lindora or to suggest Lindora as the origin of Defendant's goods and/or services, or that Lindora has sponsored or approved of Defendant's commercial activities.

39. Lindora is informed and believes, and on that basis alleges, that Defendant acted with the intent to unfairly compete against Lindora by trading upon Lindora's reputation and goodwill thereby causing confusion and mistake among consumers and the public, deceiving the public into believing that Defendant's goods and/or services are associated with, sponsored by, or approved by Lindora when they are not.

40. Lindora is informed and believes, and on that basis alleges, that Defendant had actual knowledge of Lindora's ownership and prior use of the Lindora Marks as well as the federal trademark registrations therefor and without Lindora's consent has willfully committed acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

41. Lindora is informed and believes, and on that basis alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Lindora.

42. By reason of Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and/or unfair competition, Lindora has been

and continues to be damaged and is entitled to monetary relief in an amount to be determined at trial.

43. Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, and/or unfair competition, have caused and are causing Lindora irreparable harm for которой Lindora has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

**(California Common Law Trademark Infringement)**

44. Lindora repeats and realleges the allegations of paragraphs 1 through 43 of this complaint as if set forth fully herein.

45. This is a claim for trademark infringement arising under California common law.

46. Defendant's acts complained of herein constitute trademark infringement under California common law. Defendant's acts were and are willful, deliberate, and committed with knowledge that Defendant's unauthorized use of the Lindora Marks or confusingly similar marks creates a likelihood of consumer confusion.

47. Lindora is informed and believes, and on that basis alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of marks that infringe upon the Lindora Marks in an amount that is not presently known to Lindora.

48. By reason of Defendant's actions, Lindora has been and continues to be damaged and is entitled to monetary relief in an amount to be determined at trial.

49. Due to Defendant's trademark infringement, Lindora has suffered and continues to suffer great and irreparable injury for which Lindora has no adequate remedy at law.

50. Defendant's willful acts of trademark infringement under the common law of California constitute fraud, oppression, and malice. Accordingly, Lindora is

entitled to exemplary damages.

## FOURTH CLAIM FOR RELIEF

### (California Unfair Competition)

51. Lindora repeats and realleges the allegations of paragraphs 1 through 50 of this complaint as if set forth fully herein.

52. This is a claim for unfair competition, arising under California Business & Professions Code § 17200 *et seq.* and California common law.

53. Defendant's acts of trademark infringement and false designation of origin complained of herein constitute unfair competition with Lindora under the common law and statutory laws of the state of California, particularly California Business & Professions Code § 17200 *et seq*.

54. Lindora is informed and believes, and on that basis alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's unfair competition in an amount that is not presently known to Lindora.

55. By reason of Defendant's wrongful acts as set forth in this complaint, Lindora has been and continues to be damaged and is entitled to monetary relief in an amount to be determined at trial.

56. By its actions, Defendant has injured and violated the rights of Lindora and has irreparably injured Lindora, and such irreparable injury will continue unless Defendant is enjoined by this Court.

**WHEREFORE**, Lindora prays for judgment in its favor against Defendant for the following relief:

A.  That the Lindora Marks and the registrations therefor be deemed valid and willfully infringed by Defendant in violation of 15 U.S.C. § 1114 *et seq.*;

B.  That a preliminary and permanent injunction issue against Defendant, its officers, agents, servants, employees, representatives, successors, assigns, and all persons, firms, or corporations in active concert or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

   1.  using the Lindora Marks or any confusingly similar mark or mark that is likely to create the erroneous impression that Defendant's goods and/or services originate from Lindora, are endorsed by Lindora, or are connected to Lindora in any way to market, advertise, promote, sell, offer for sale, provide, and/or identify Defendant's goods or services;

   2.  manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any weight control or weight loss goods or services, or related goods or services, using any of the Lindora Marks and/or any confusingly similar marks;

   3.  otherwise infringing upon the Lindora Marks and/or any of Lindora's other trademarks;

   4.  falsely designating the origin of Defendant's goods and/or services;

   5.  unfairly competing with Lindora in any manner; and

   6.  causing a likelihood of confusion or injuries to Lindora's business reputation;

C.  That Defendant be directed to file with this Court and serve on Lindora within thirty (30) days after the service of the injunction, a report, in writing, under

oath, setting forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116;

D. That, because of the exceptional nature of this case resulting from Defendant's deliberate and malicious actions, this Court award to Lindora all reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

E. That Defendant be required to account for any and all profits derived from its acts of trademark infringement, false designation of origin, and unfair competition complained of in this complaint;

F. That Lindora be awarded damages for Defendant's trademark infringement pursuant to 15 U.S.C. § 1117 in the form of Defendant's profits, damages sustained by Lindora, and the costs of the action together with prejudgment and postjudgment interest;

G. That Defendant's acts of trademark infringement, false designation of origin, and unfair competition complained of in this Complaint be deemed willful, and that Lindora be entitled to enhanced damages;

H. That Defendant be adjudged to have willfully and maliciously infringed upon the Lindora Marks in violation of Lindora's rights under California common law;

I. That Defendant be adjudged to have competed unfairly with Lindora under the common law of the state of California;

J. That Defendant be adjudged to have competed unfairly with Lindora under California Business & Professions Code § 17200 *et seq.*, and that Defendant's actions in so doing be adjudged willful and done knowingly;

K. That an accounting be ordered to determine Defendant's profits resulting from its infringement, unfair competition, and false designation of origin, and that Lindora be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy, including:

| | |
|---|---|
| 1 |       1.    all profits received by Defendant from sales and revenues of any |
| 2 | kind made as a result of infringing actions, said amount to be trebled; |
| 3 |       2.    all damages sustained by Lindora as a result of Defendant's acts |
| 4 | of infringement, unfair competition, and false designation of origin, and that |
| 5 | such damages be trebled; and |
| 6 |       3.    punitive damages stemming from Defendant's willful, |
| 7 | intentional, and malicious acts; |
| 8 | L.    That such damages and profits be trebled and awarded to Lindora |
| 9 | pursuant to 15 U.S.C. § 1117; |
| 10 | M.    That Lindora recover exemplary damages pursuant to California Civil |
| 11 | Code § 3294; |
| 12 | N.    That Lindora have and recover the costs of this civil action, including |
| 13 | reasonable attorneys' fees; |
| 14 | O.    An award of prejudgment and postjudgment interest and costs of this |
| 15 | action against Defendant; and |
| 16 | P.    Such other and further relief as this Court may deem just and proper. |

Dated: December 23, 2015        MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Yuri Mikulka*
    Yuri Mikulka
    Danielle Mihalkanin
    Attorneys for Plaintiff
    Lindora, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff Lindora, LLC, hereby demands a trial by jury on all issues so triable.

Dated: December 23, 2015        MANATT, PHELPS & PHILLIPS, LLP


By: */s/ Yuri Mikulka*
    Yuri Mikulka
    Danielle Mihalkanin
    Attorneys for Plaintiff
    Lindora, LLC